# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2121
Lower Tribunal No. 21-5145-CP-02
_____

**Jeanine Sagebien Hinson, etc.,**
Appellant,

vs.

**In Re: John A. Hinson, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Kula & Associates, P.A., and Elliot B. Kula and Elaine D. Walter; Stokes McMillan Antúnez Martinez-Lejarza P.A., and Juan C. Antúnez and Kimberly A. Martinez-Lejarza, for appellant.

Golden Glasko Haddy & Assoc., P.A., and William H. Glasko, for appellee James M. Baker.

Before LOGUE, GORDO and LOBREE, JJ.

LOGUE, J.

Jeanine Sagebien Hinson, as Personal Representative of the Estate of John A. Hinson, appeals a probate order requiring that certain distributions to residuary beneficiaries be made in cash instead of in kind. The Personal Representative attempted to exercise her discretion under the will to distribute on an in-kind basis the Estate's limited partnership interests in a closely held Georgia limited liability partnership and shares of stock in six closely held Florida corporations, which mainly owned, developed, and managed real property. The probate court ordered that the beneficiaries receive cash instead. On appeal, the Personal Representative argues that the order violated the plain language of the decedent's will and Florida law. We agree and reverse.

## BACKGROUND

John A. Hinson died on September 18, 2021. His Will devised to his wife, Jeanine Sagebien Hinson, a 90% residuary share of his estate (which has increased to 95%), to his secretary, Monica A. Pelella, a 3% residuary share of his estate, and to his friend, James M. Baker, a 2% residuary share of his estate. The Will named Mrs. Hinson the personal representative of Mr. Hinson's estate.

The Will vested in the personal representative "the continuing, absolute, discretionary power to deal with any property, real or personal, held

2

in [the] Estate or in any trust, as freely as [Mr. Hinson] might in the handling of [his] own affairs." The Will also granted the personal representative the specific power "to divide and distribute [the] estate or any trust created hereunder, to make such division or distribution in money or in kind or partly in money and partly in kind; and to exercise all powers herein conferred, after termination of any trust until the same is fully distributed."

Following Mr. Hinson's death, Mrs. Hinson was appointed personal representative of the Estate and Mr. Hinson's Will was admitted to probate. The Personal Representative eventually petitioned the probate court to authorize the division and distribution of the last significant assets left to be distributed – limited partnership interests in a closely held Georgia limited liability partnership and shares of stock in six closely held Florida corporations. The record reflects that the partnership and corporations mainly dealt with the ownership, development, and management of real property. The petition sought to divide and distribute these closely held business interests in kind on a pro-rata basis to the remaining residuary beneficiaries of the Estate: 95% to Mrs. Hinson, 3% to Ms. Pelella, and 2% to Mr. Baker.

The Personal Representative alleged this would "avoid the costs and delays of multiple appraisals and the risk of unnecessary valuation disputes."

3

The Personal Representative further contended this proposed distribution complied with her duties under section 733.602(1), Florida Statutes, and argued the proposed distribution was "the most practical, cost-effective, and fair method for distributing the remaining stock and partnership interests of the estate because it treats all residuary beneficiaries the same without reference to value (which favors the minority shareholders)."

Ms. Pelella and Mr. Baker objected and requested a formal valuation of the assets at the time of Mr. Hinson's death and a cash distribution from the Estate in the amount of their interests. They contradicted the Personal Representative's assertions that the in-kind distribution was the most practical, cost effective, and fair method of distributing the remaining business interests and argued such a distribution would result in further litigation. They also contended section 733.810, Florida Statutes, contained applicable exceptions to in-kind distributions.

The Personal Representative argued that under the terms of the Will and the Florida Probate Code, as residuary beneficiaries, Ms. Pelella and Mr. Baker were not entitled to demand appraisal and buy-out rights as this effectively converted a residuary devise into a pecuniary devise, which was contrary to the terms of the Will. The Personal Representative further asserted that none of the statutory exceptions to in-kind distributions applied.

4

The probate court held a hearing on the petition. At the hearing, Ms. Pelella argued she was ill, older in life, not business savvy, and trying to retire, and that to require her to become a business partner in these companies would be an economic and emotional hardship. The probate court discussed its concern for Ms. Pelella, stating:

> [M]y concern is for [Ms. Pelella]. An elderly woman who just wants money to live out her life and move past all this. I mean, you can argue the subsections of a rule and a statute and so forth, but I think this case should be guided by how can we get [Ms. Pelella] her money the fastest way. And I don't think that anything would prohibit using that as our polestar guide.

The probate court ultimately denied the petition for distribution, ruling that the assets "shall not be distributed in kind," and ordered that "the beneficiaries will receive cash in lieu thereof." This appeal timely followed.

## ANALYSIS

At its essence, the question presented in this appeal is whether the probate court was permitted to override the Personal Representative's decision to distribute the remaining assets of the Estate to the residuary beneficiaries in kind, and whether the probate court could instead require the Personal Representative to distribute cash to the residuary beneficiaries in lieu thereof. The Personal Representative argues the probate court was not permitted to do so because such a ruling violated the plain language of the

5

Will, which vested the Personal Representative with the broad discretionary authority to administer the assets of the Estate, including the discretion to distribute the assets in kind, and Florida law, which favors distribution in kind with limited exceptions inapplicable here. We agree.

Mr. Hinson's Will appointed Mrs. Hinson as personal representative and granted to the personal representative (1) "the continuing, absolute, discretionary power to deal with any property, real or personal, held in my Estate or in any trust, as freely as I might in the handling of my own affairs"; (2) "full power and authority to sell, transfer and convey any property, real and personal, which I may own at the time of my death, at such time and price and upon such terms and conditions, including credit, as my Personal Representative may determine"; and (3) the power "to divide and distribute my estate or any trust created hereunder, [and] to make such division or distribution in money or in kind or partly in money and partly in kind[.]"

Accordingly, the Will expressly and unambiguously vested the Personal Representative with broad discretionary authority to administer the assets of the Estate. This included the discretion to make distributions from the Estate in kind, as the Personal Representative saw fit.

The Florida Probate Code, in turn, reflects that "it is the policy of the law that the distributable assets of an estate be distributed in kind." Ray v.

6

Rotella, 425 So. 2d 94, 96 (Fla. 5th DCA 1982). Specifically, section 733.810,

Florida Statutes, provides in pertinent part as follows:

> (1) Assets <u>shall</u> be distributed in kind unless:
>
> (a) A general power of sale is conferred;
>
> (b) A contrary intention is indicated by the will or trust; or
>
> (c) Disposition is made otherwise under the provisions of this code.
>
> (2) Any pecuniary devise, family allowance, or other pecuniary share of the estate or trust may be satisfied in kind if:
>
> (a) The person entitled to payment has not demanded cash;
>
> (b) The property is distributed at fair market value as of its distribution date; and
>
> (c) No residuary devisee has requested that the asset remain a part of the residuary estate.
>
> (3) When not practicable to distribute undivided interests in a residuary asset, the asset may be sold.

§ 733.810(1)-(3), Fla. Stat. (emphasis added). Thus, the Florida Probate

Code's command that assets "shall" be distributed in kind also supported the

Personal Representative's petition for in-kind distribution.

7

Section 733.810 does, however, include some exceptions to this preference for in-kind distribution. Mr. Baker[1] argues on appeal that subsection (1)(a), which he contends provides that in-kind distribution is not required when there is a general power of sale contained in a will, supports the probate court's order on appeal. See § 733.810(1)(a), Fla. Stat. The Will here does appear to contain a general power of sale.

The inclusion of this general power of sale, however, simply turns what is an otherwise mandatory statutory provision – "Assets shall be distributed in kind . . ." – into, at most, a permissive statutory provision. This does not serve to alter the discretion vested by the Will in the Personal Representative "to deal with any property, real or personal, held in [the] estate, as freely as [the decedent] might in the handling of [his] own affair" and expressly to make "distribution in money or in kind or partly in money and partly in kind."

If anything, this simply renders the statutory language in line with the Will's express grant of power to the Personal Representative to "divide and distribute [the] estate" and "to make such division or distribution in money or in kind or partly in money and partly in kind[.]" It certainly does not transfer this power to decide how to divide and distribute the Estate's remaining

---

[1] Notably, Ms. Pelella did not file an appearance or briefing in this appeal.

8

assets to the residuary beneficiaries from the Personal Representative to the probate court.

Finally, the Florida Probate Code outlines a personal representative's general duties and provides:

> A personal representative is a fiduciary who shall observe the standards of care applicable to trustees. <u>A personal representative is under a duty to settle and distribute the estate of the decedent in accordance with the terms of the decedent's will and this code as expeditiously and efficiently as is consistent with the best interests of the estate</u>. <u>A personal representative shall use</u> the authority conferred by this code, <u>the authority in the will</u>, if any, and the authority of any order of the court, <u>for the best interests of interested persons</u>, including creditors.

§ 733.602(1), Fla. Stat. (emphases added).

We acknowledge that the probate court's order is a sensitive and generous recognition of the best interest of the two minority residuary beneficiaries, particularly the interest of Ms. Pelella who appears to be a relatively elderly person and who may be challenged by the complex business issues that will arise in the course of assuming the role of being a minority owner of the closely held Georgia limited liability partnership and six Florida corporations at issue, including the difficulties of selling such interests. We note, however, for whatever reason, Ms. Pelella did not participate in this appeal.

9

More importantly, the probate court's order benefits the minority residuary beneficiaries only because, given their wish to sell their interests, the order shifts from them to the Estate the expense of appraising, resolving valuation disputes, and selling their minority interests. But it is exactly to "avoid the costs and delays of multiple appraisals and the risk of unnecessary valuation disputes" to the Estate that the Personal Representative sought to exercise her express discretion under the Will to distribute the assets in kind. In this regard, the probate court's decision elevates the interests of the minority residual beneficiaries over that of the majority residual beneficiary.

In these circumstances, we do not find evidence of the prejudice to the Estate or some other inequity that would justify the probate court to override the Personal Representative's express discretion in the Will to make a "distribution in money or in kind or partly in money and partly in kind." Our decision might be different if the Will was not so express regarding the Personal Representative's broad discretion in this regard. See generally Wallace v. Julier, 3 So. 2d 711, 717 (Fla. 1941) ("The discretion which, by the terms of the will in this case, was vested in [the personal representative] would not be interfered with or controlled by the court so long as it is honestly

10

and reasonably exercised by him." (quoting <u>McDonald v. McDonald</u>, 9 So. 195, 197 (Ala. 1891))).

Reversed.